IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILTON WADE CORLEY, III**                                                    **PLAINTIFF**

v.                                                            **No. 4:16CV14-SA-RP**

**SHERIFF RICKY BANKS**
**KEN SPENCER**
**TYRONE BANKS**
**CHIP GRAVLEE**
**NURSE HOLMES**
**SGT. GAYDEN**
**SGT. ALPHONSO WILLIAMS**
**LEFLORE COUNTY ADULT DETENTION CENTER**
**PAROLE OFFICER NANETTER TROTTER**
**DOROTHY DOZIER**
**MISSISSIPPI DEPARTMENT OF CORRECTIONS**               **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Wilton Wade Corley, III, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that during his stay at the Leflore County Detention Center, the County Defendants denied him adequate medical care and tampered with his mail. In addition, he has alleged that Mississippi Department of Corrections defendant Nanette Trotter denied him adequate medical care. The County Defendants have moved [47] for summary judgment, and the State Defendant has joined [49], [65] in that motion. In addition, the State Defendant has filed a separate motion [50] for summary judgment based upon Eleventh Amendment immunity. The plaintiff has not responded to

the motions, and the deadline to do so has expired. For the reasons set forth below, the motions [47], [49], [50] by the defendants for summary judgment will be granted, and judgment will be entered for the defendants in all respects.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990). In considering a motion for summary judgment, a court must also determine whether the non-moving party's allegations are *plausible*. *Matsushita, supra*. (emphasis added). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

In considering a motion for summary judgment, once the court "has determined the relevant set of facts and drawn all inferences in favor of the nonmoving party *to the extent supportable by the record*, [the ultimate decision becomes] purely a question of law." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (emphasis in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Id.* at 380.

**The Plaintiff's Claims**

The plaintiff's remaining claims are:

1. that Sheriff Ricky Banks, Tyrone Banks, Nurse Holmes, Sergeant Gayden, Sergeant Alphonso Williams, Parole Officer Nanette Trotter, Dorothy Dozier, and the Mississippi Department of Corrections denied him adequate medical care; and

2. that Chief of Security Chip Gravlee tampered with the plaintiff's mail.

**Undisputed Material Facts**[1]

The Leflore County Adult Detention Center ("LCADC") is a small jail located in and operated by Leflore County. Administrator Banks Aff. ¶ 4, Ex. "A." At the time Corley was incarcerated, approximately 91 inmates were incarcerated in the LCADC, with 62 inmates in Pod C with the plaintiff. *Id.* Wilton Wade Corley, III has been incarcerated many times with the LCADC and is known in the facility as "Chill Will." *Id.* ¶ 3. He is well-known there because he, on at least on one occasion, tried to break *into* the jail. *Id.*

Corley did not use the grievance procedure to seek relief regarding the conditions of his confinement for dates October 13, 2015, through November 14, 2015,. *Id.* ¶ 6; Sheriff Banks Aff. ¶ 4,

---

[1] Exhibits referenced in the instant memorandum opinion may be found in the county defendants' motion [64] for summary judgment. As Mr. Corley never filed any grievances regarding the issues in this case, his substantive claims are not material to the outcome of this case and have not been included in this memorandum opinion.

Ex. "B"; Gravlee Aff. ¶ 5, Ex. "C"; Hood Aff. ¶ 4, Ex. "D"; Gayden Aff. ¶ 3, Ex. "E." Indeed, Corley filed no grievances at all during that stay at the LCADC. *Id.* Though Corley has alleged that he filed three grievances, he has provided no documentary proof to substantiate the allegation. In addition, Corley filed no grievances with the Mississippi Department of Corrections regarding his allegations against defendant Nanette Trotter. Doc. 65.

**Exhaustion of Administrative Remedies**

Wilton Wade Corley never exhausted his administrative remedies regarding his allegations against any of the defendants in this suit. Indeed, Mr. Corley never filed a single grievance regarding any of his claims, either with the County or with the Mississippi Department of Corrections. As such, the judgment must be entered for the defendants because the plaintiff failed to exhaust his administrative remedies as to the remaining claims.

Congress enacted the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e *et seq.* – including its requirement that inmates exhaust their administrative remedies prior to filing suit – in an effort to address the large number of prisoner complaints filed in federal courts. *See Jones v. Bock*, 549 U.S. 199, 202 (2007). Congress meant for the exhaustion requirement to be an effective tool to help weed out the frivolous claims from the colorable ones:

> Prisoner litigation continues to 'account for an outsized share of filings' in federal district courts. *Woodford v. Ngo*, 548 U.S. 81, 94, n. 4, 126 S.Ct. 2378 (2006) (slip op., at 12, n.4). In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations. Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of non-meritorious claims does not submerge and effectively preclude consideration of the allegations with merit. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
>
> Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (PLRA intended to "reduce the quantity and

> improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.

*Jones v. Bock*, 549 U.S. 199, 203 (2007).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. §1983. The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); see also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008)( the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty.Med.Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11,2008)( under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). Indeed, "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). As "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges

may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. The Supreme Court has also recognized the need for a prisoner to face a significant consequence for deviating from the prison grievance procedural rules:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford* at 95.

The LCADC has a written grievance policy and keeps a log of all grievance filed pursuant to this policy. *See* Banks Aff ¶ 6 & Ex. 2, 3, Ex. "A." At his *Spears* hearing Mr. Corley stated that he filed at least three written grievances during his incarceration at the LCADC: two addressed to Administrator Banks and one addressed to Sheriff Banks. Yet, neither Administrator Banks nor Sheriff Banks received any grievance, and the grievance log, which contains a record of all written grievances, shows that Corley did not file a grievance during his incarceration with the LCADC. *See id.*; Sheriff Banks Aff. ¶ 4. The plaintiff has only his unsubstantiated assertions that he filed grievances. However, the defendants have provided a copy of the grievance log covering times before, during, and after the relevant period, from February 2015, through January 2016. Doc. 47-1 at 11-17. There were only a handful of grievances in any month, and none in April, June, September, November, or December. *Id*. According to the grievance log, Corley never filed a grievance, though many other inmates did so during that time. *Id.* In addition, none of the defendants or jail staff recall Corley ever having submitted a grievance regarding his allegations in this case or any other matter. Similarly, Corley never filed a grievance with MDOC (which has its own grievance procedure) regarding his allegations against defendant Nanette Trotter, an employee of the Mississippi Department of Corrections. Doc. 65.

Though, generally, courts deciding summary judgment issues must resolve disputes of material fact in favor of the non-moving party (Corley in this case), there are limits to this rule. As set forth above, meeting the burden to establish a genuine issue of material fact requires more than "some metaphysical doubt," *Matsushita, supra,* "conclusory allegations," *Lujan, supra*, "unsubstantiated assertions," *Hopper, supra*, or a mere "scintilla" of evidence, *Davis, supra*. All In this case, all Mr. Corley has provided the court are his bare assertions, which, in the face of the documentary evidence of record (from County and MDOC defendants), are insufficient to create a genuine issue of material fact to overcome the defendants' summary judgment documentary proof. As such, judgment will be entered for the remaining defendants as to all claims because the plaintiff failed to exhaust his administrative remedies.

**Conclusion**

For the reasons set forth above, the motions by the defendants for summary judgment will be granted, and judgment will be entered in favor of the remaining defendants. This case will be closed.

**SO ORDERED**, this, the 9th day of March, 2017.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**
